I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY Petitioner
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-4-09

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD ALBERT STEPPE,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>SAN BERNARDINO COUNTY SHERIFF,<br><br>　　　　　Respondent. | Case No. EDCV 09-1816-RSWL (RNB)<br><br>ORDER TO SHOW CAUSE |

On September 29, 2009, petitioner filed a Petition for Writ of Habeas Corpus herein, utilizing the Central District of California form for habeas petitions brought pursuant to 28 U.S.C. § 2241.[1] Subsequent to his filing of the Petition, petitioner filed a motion to recuse the assigned Magistrate Judge for bias. That motion was denied by the assigned District Judge on November 23, 2009.

It appears from the face of the Petition that petitioner is a pretrial detainee, awaiting trial in San Bernardino Superior Court on charges of murder and attempted murder. While his allegations are virtually unintelligible, petitioner purports to be

---

[1] 28 U.S.C. § 2241(c)(3) empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

1

raising a host of challenges to the pending criminal charges, including an actual innocence claim.[2]

Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that a district court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless the petitioner can show that special circumstances warrant federal intervention prior to the state criminal trial. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S. 37, 44-46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (under principles of comity and federalism, a federal court should not intervene in a pending state criminal prosecution absent extraordinary circumstances where the danger of irreparable harm is both great and immediate, and cannot be eliminated by defense against the prosecution). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

---

[2] The Court notes that this is the third habeas petition filed by petitioner directed to the pending criminal charges. On January 29, 2008, Case No. EDCV 07-1654-RSWL (RNB) was summarily dismissed without prejudice to refiling after petitioner's state criminal proceedings, including appeal, were completed and petitioner had exhausted his state remedies. Petitioner purported to appeal, but the Ninth Circuit summarily affirmed the summary dismissal on August 5, 2008. Earlier this year, petitioner filed another habeas petition in Case No. CV 09-3288-RSWL (RNB). This time petitioner purported to be challenging the impending trial as a violation of double jeopardy. On May 15, 2009, the Court issued a Report and Recommendation recommending the rejection of petitioner's double jeopardy claim and the summary dismissal of the petition. On June 22, 2009, the District Judge approved and adopted the Report and Recommendation over petitioner's objections.

1      Younger abstention is appropriate in favor of a state proceeding if three criteria
2  are met: (1) the state proceedings are ongoing; (2) the proceedings implicate
3  important state interests; and (3) the state proceedings afford an adequate opportunity
4  to raise federal constitutional challenges. See Middlesex County Ethics Comm. v.
5  Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982);
6  Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992), cert. denied, 506 U.S.
7  1054 (1993). In Carden, the Ninth Circuit held that "[o]nly in cases of proven
8  harassment or prosecutions undertaken by state officials in bad faith without hope of
9  obtaining a valid conviction and perhaps in other extraordinary circumstances where
10 irreparable injury can be shown is federal injunctive relief against pending state
11 prosecutions appropriate." Carden, 626 F.2d at 84 (citing Perez v. Ledesma, 401 U.S.
12 82, 85, 91 S. Ct. 674, 677, 27 L. Ed. 2d 701 (1971)).

    Here, it appears to the Court that all three criteria for Younger abstention are met with respect to the criminal proceeding still pending against petitioner in San Bernardino Superior Court. Moreover, petitioner has failed to allege the type of special circumstances that warrant federal intervention. Rather, it appears that whatever claims petitioner is making are claims that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before petitioner seeks a federal writ of habeas corpus.

    Accordingly, on or before **January 4, 2010**, petitioner is ordered to show cause, in writing, why this action should not be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without prejudice to refiling after petitioner's state criminal proceedings, including appeal, are completed, and petitioner has exhausted his state remedies.

DATED: 12/4/09

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE